# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY M. SHANER, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 19-CV-5059 |
| : | |
| JUNE N. CRAMPTON, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

PADOVA, J.                                                                                                                                                 JANUARY 15, 2020

       This matter comes before the Court by way of a Complaint (ECF No. 1), brought by Plaintiff Harvey M. Shaner, Jr., a prisoner at the Federal Detention Center ("FDC") in Philadelphia, who is proceeding *pro se*. Shaner has also filed his Prisoner Trust Fund Account Statement in response to this Court's Order directing him to do so if he sought to proceed *in forma pauepris*.[1] (ECF Nos. 5 & 7). For the following reasons, the Court will grant Shaner leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.    FACTUAL ALLEGATIONS

       Shaner names as Defendants in this case June N. Crampton, the Colebrookdale Township Police Department, Detective David Guida (who appears to be an officer of the Colebrookdale Township Police Department), and Tom Neeson (identified as an FBI agent). Shaner's Complaint is sparse. He appears to be claiming that he was maliciously prosecuted based on the following allegations:

> I was wrongly accused of identity theft, while before that the defendants harassed and stole from me then charged me. The agent refused to interview witnesses or look at our evidence. Since the female defendant admitted she lied.

---

[1] The Court accepts this statement as substantial compliance with 28 U.S.C. § 1915(a)(2).

(Compl. ECF No. 1 at 4.) As relief, Shaner seeks damages to compensate him for money taken from his bank accounts "and the remainder for legal fees and being wrongly incarcerated for over 2 years." (*Id.*) He also asks the Court to overturn his conviction.

Public dockets reflect that Shaner pled guilty to wire fraud, bank fraud, aggravated identity theft and other related crimes.[2] *See United States v. Shaner*, E.D. Pa. Crim. A. No. 16-411-1 (ECF No. 18). In a criminal judgment filed July 24, 2017, he was sentenced to fifty-one months of imprisonment and a term of supervised release. *Id.* (ECF No. 29). Shaner did not appeal. He did, however, file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied. *Id.* (ECF No. 51). Shaner filed a second motion to vacate his sentence pursuant to § 2255, which was dismissed without prejudice for lack of subject matter jurisdiction as second or successive. *Id.* (ECF No. 54).

## II. STANDARD OF REVIEW

The Court will grant Shaner leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

---

[2] The Court may take judicial notice of public records. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] However, as Shaner is a prisoner, he will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b).

Conclusory allegations do not suffice. *Id.* As Shaner is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III. DISCUSSION**

The Court construes the Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983, which provides a remedy for constitutional violations by state actors, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which provides a remedy for certain constitutional violations committed by federal actors. Shaner's primary claim appears to be a malicious prosecution claim based on the criminal proceeding identified above in which Shaner was convicted of aggravated identity theft and other federal crimes.

"[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). The doctrine set forth in *Heck* has been applied to civil rights cases raised under *Bivens*. *See Lora-Pena v. F.B.I.*, 529 F.3d 503, 506 n.2 (3d Cir. 2008) ("Although *Heck* involved a § 1983 action by a state prisoner, the reasoning

3

in *Heck* has been applied to bar *Bivens* claims."). Furthermore, "[i]t is well established that habeas corpus is the exclusive avenue by which a person in custody may challenge the fact or duration of a conviction or sentence." *Abdel-Whab v. United States*, 175 F. App'x 528 (3d Cir. 2006); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Shaner's request for vacatur of his conviction is not cognizable in a civil rights action, as he must pursue any such relief via 28 U.S.C. § 2255.[4] To the extent Shaner is seeking monetary damages or other relief for harm caused by his conviction and related imprisonment, his claims are not cognizable at this time because the underlying charges have not terminated in his favor. *See, e.g.*, *Stuler v. United States*, 301 F. App'x 104, 106 (3d Cir. 2008) (per curiam) (attack on federal criminal judgment barred by *Heck* when charged did not terminate in plaintiff's favor). Accordingly, these claims will be dismissed.

It appears Shaner may also be raising claims based on allegations that the Defendants "harassed and stole from [him]." (Compl. ECF No. 1 at 4.) Those allegations are far too conclusory to state a claim. Shaner has not described what was stolen from him, when it was stolen, or who was involved in stealing something from him. Nor has he alleged who harassed him, how he was harassed, or when he was harassed. Absent any details supporting these allegations, Shaner has failed to state a claim. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").

---

[4] Shaner's lack of success in pursuing relief under § 2255 does not justify raising his claims in a civil rights action.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Shaner leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Shaner's claims that are barred by *Heck* will be dismissed without prejudice to him filing a new civil rights complaint for damages only in the event his convictions are invalidated. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). Shaner's remaining claims will be dismissed without prejudice to him filing an amended complaint that describes the basis for those claims. An appropriate Order follows.

**BY THE COURT:**

**/s/ John R. Padova**
**JOHN R. PADOVA, J.**