IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARVEY M. SHANER, JR.,** | : | |
|     **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5059 |
| | : | |
| **JUNE N. CRAMPTON,** *et al.*, | : | |
|     **Defendants.** | : | |

## ORDER

AND NOW, this 15th day of January, 2020, upon consideration of Harvey M. Shaner Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 6), Prisoner Trust Fund Account Statement (ECF No. 7), and *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Harvey M. Shaner, Jr., #75593-066, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Federal Detention Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Shaner's inmate account; or (b) the average monthly balance in Shaner's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Shaner's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income

credited to Shaner's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

      3.      The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Federal Detention Center.

      4.      The Complaint is **DEEMED** filed.

      5.      Shaner's Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Shaner's malicious prosecution claim is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  The dismissal is without prejudice to Shaner filing a new case only in the event his underlying convictions are reversed, vacated, or otherwise invalidated.  Shaner's remaining claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim and may be amended in accordance with paragraph six (6) of this Order.

      6.      Shaner may file an amended complaint within thirty (30) days of the date of this Order only as to his claims that the Defendants "harassed and stole" from him.  Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Shaner's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  <u>**Any amended complaint shall not raise claims challenging the constitutionality of Shaner's intact convictions**</u>.  When drafting his amended complaint, Shaner should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

7. The Clerk of Court is **DIRECTED** to send Shaner a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Shaner may use this form to file his amended complaint if he chooses to do so.

8. If Shaner fails to file an amended complaint in accordance with this Order, his case may be dismissed without further notice for failure to prosecute

**BY THE COURT:**

                                                  **/s/ John R. Padova**
                                        **JOHN R. PADOVA, J.**